UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LONNIE LEE ANGEL, JR., | ) |
| Petitioner, | ) |
| v. | ) No. 1:20-CV-074-PLR-SKL |
| SHAWN PHILLIPS, | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court are Petitioner's motion to appoint counsel [Doc. 14] and motion for evidentiary hearing [Doc. 15]. For the reasons set forth below, these motions will be **DENIED**.

### I. MOTION FOR EVIDENTIARY HEARING

Under Rule 8 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the Court is to determine, after review of the entire record, whether an evidentiary hearing is required. However, the Court has not yet reviewed the entire record in this action to make this determination. Should the Court determine that an evidentiary hearing is required after this review, it will enter an order scheduling that hearing. Accordingly, Petitioner's motion for an evidentiary hearing [Doc. 15] will be **DENIED**.

### II. MOTION TO APPOINT COUNSEL

The constitutional right to counsel in criminal prosecutions does not apply to habeas corpus cases. *Baker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964). Rather, the appointment of counsel for an indigent inmate in a non-capital case is discretionary, unless an evidentiary hearing is ordered. Rule 8 of the Rules Governing Section 2254 Proceedings in the United States District Courts.

In exercising its discretion as to whether to appoint counsel, the Court considers several factors, including the nature of the case, whether the issues are legally or factually complex, and a petitioner's ability to present his claims to the court. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Taking all relevant factors into consideration and noting that Petitioner's motion for evidentiary hearing will be denied as set forth above, the Court finds that Petitioner is not entitled to appointment of counsel at this time. Accordingly, Petitioner's motion to appoint counsel [Doc. 14] will be **DENIED.**

### III. CONCLUSION

For the reasons set forth above:

1. Petitioner's motion for evidentiary hearing [Doc. 15] is **DENIED**;

2. Petitioner's motion to appoint counsel [Doc. 14] is **DENIED**; and

3. Petitioner is **ORDERED** to immediately inform the Court and Respondent or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

E N T E R:

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

2

Case 1:20-cv-00074-PLR-SKL   Document 16   Filed 06/29/20   Page 2 of 2   PageID #: 1346